RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/18/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIAN MAURICE WRIGHT | DOCKET NO. 1:13-CV-533; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CARVAJAL, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Leonard Brown filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 12, 2013. Wright is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his conviction and sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

After entering into a plea agreement that included an appeal waiver, Brian Maurice Wright pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §922(g). The district court sentenced him to the statutory maximum of 120 months of imprisonment, which was inside the guidelines range as calculated by the court, but well outside the range that both defense counsel and the prosecutor had anticipated when negotiating the plea agreement. See U.S. v. Wright, 418 Fed. Appx. 718 (10th Cir. 2011).

Petitioner appealed the sentence, and the United States filed

a motion to enforce Wright's appeal waiver.  The Tenth Circuit granted the motion to enforce, and it dismissed Petitioner's appeal.  The Court noted that Petitioner's argument was not that the waiver itself was unlawful; rather, his issues related to sentencing error and his counsel's advice regarding his sentence.  Thus, the court could not conclude that enforcing the appeal waiver would result in a miscarriage of justice.

Petitioner filed a Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255, in the sentencing court – the United States District Court for the District of Kentucky.  He argued that his counsel provided ineffective assistance by failing to inform him that he could be sentenced to 120 months of imprisonment, and by instead telling him that his guidelines sentencing range would be 70 to 87 months of imprisonment.  Petitioner also argued that the Court erred when calculating his guidelines range, making the sentencing procedurally and substantively flawed.

The district court found that Petitioner had not alleged any deficient conduct by counsel because "a miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." U.S. v. Wright, 2012 WL 523742 (D.Kan. 2012)(citing United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)(citations omitted)).  Moreover, the court found that even if

counsel's performance had been deficient, Petitioner did not show that he suffered any prejudice. As for Petitioner's argument that the sentence was substantively and procedurally flawed, the district court noted that the Tenth Circuit had already determined that he had waived his right to appeal. The district court found that the collateral attack fell within the scope of that waiver. Thus, the court found that Petitioner was not entitled to Section 2255 relief. <u>Wright</u> at page 5. The court denied certificate of appealability.

### *Statement of Petitioner's Claims*

In his Section 2241 petition, Wright again raises an ineffective assistance of counsel claim. He argues that counsel failed to investigate Petitioner's prior conviction, which resulted in a sentence enhancement, and failed to object to the pre-sentence investigation report. He asks that the writ "be construed as [sic] presented as an actual innocence claim pursuant to the original writ of Habeas Corpus and/or 28 U.S.C. Section 2241...."

### *Law and Analysis*

Relief under §2241 "is typically used to challenge the manner in which a sentence is executed." <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 900 (5th Cir. 2001). Relief under §2255, however, is the primary means for a federal prisoner to "collaterally attack the legality of his conviction or sentence," <u>id.</u> at 901, due to "errors that occurred **at or prior to** the sentencing," <u>Padilla v.</u>

<u>United States</u>, 416 F.3d 424, 425-26 (5th Cir. 2005)   In this case, filed under §2241, Wright seeks to collaterally attack the legality of his sentence because of alleged errors that occurred at the sentencing.  He is not challenging the *manner* in which his sentence is being executed.

A §2241 petition attacking the imposition of a federal sentence may be considered only where the petitioner establishes that §2255 is inadequate or ineffective to test the legality of his detention.  <u>Padilla</u> 416 F.3d at 426.  The petitioner must affirmatively establish that §2255 is inadequate or ineffective by showing that his claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first §2255 motion."  <u>Reyes-Requena</u> at 904.

Wright has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.  Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate.  Thus, he has failed to show that his 28 U.S.C. §2255 remedies are ineffective and inadequate under the Savings Clause.

Moreover, Wright claims that he is "actually innocent" of a

six point sentencing enhancement; he claims that the enhancement was based on invalid information. The Fifth Circuit has disallowed claims attacking sentence enhancements under the savings clause. See Bradford v. Tamez, 660 F.3d 226, 230 (5th Cir. 2011)(career criminal); Austin v. Kastner, 283 F. App'x 213, 214 (5th Cir. June 19, 2008)(brandishing a firearm); Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005)(possession of a deadly weapon); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000)(career criminal). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under §2241." Bradford, 660 F.3d at 230.

Regardless, this court lacks jurisdiction to consider Petitioner's claims. Before filing a second or successive petition, Wright must get approval from the United States Tenth Circuit Court of Appeals. The instant petition under Section 2241 must be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

*Conclusion*

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction to consider these claims.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of June, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE